IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, _____/ | No. MDL 05-01699 CRB<br><br>**ORDER RE: MOTION TO WITHDRAW AS COUNSEL** |

*This document relates to:*

| | |
|---|---|
| Paul Kahl | 06-0159 |
| Bennie Henderson | 06-0159 |
| Lula Eckols | 06-0159 |
| Melissa Griffin | 06-0159 |
| Maggie Mae Gross | 06-0159 |
| Jeffrey Dubose | 06-0159 |
| Lue Ella Jones | 06-0159 |
| Dorothy Clark | 06-0159 |
| Freddie Triplett | 06-0159 |
| Joe Lewis Brown | 06-0159 |
| E.Q. Eckford | 06-0159 |
| Dianne H. Baer | 06-0159 |
| Eone Virgil | 06-0159 |
| Antoinette Abram | 06-0160 |
| Sharon Johnson | 06-0160 |

Now pending for decision are the motions of the Gibson Law Firm to withdraw as counsel for plaintiffs in the above actions. The Gibson Law Firm has not submitted a declaration in support of its motion to withdraw. Instead, it states in its motion that in or about November 1, 2005, counsel mailed a letter to all of the plaintiffs in the above actions suggesting that they dismiss their claims with prejudice.

The letter also advised that if a party would not agree to dismiss, counsel would move to withdraw and the party should seek new counsel. Some of the plaintiffs responded by agreeing to dismissal. Some of the plaintiffs, namely plaintiffs Paul Kahl, Bennie Henderson, Lula Eckols, Melissa Griffin, Maggie Mae Gross and Jeffrey Dubose advised counsel that they wished to pursue their claims. And the letters to the other plaintiffs, namely, Lue Ella Jones, Dorothy Clark, Freddie Triplett, Joe Lewis Brown, E.Q. Eckford, Dianne H. Baer, Eone Virgil, Antoinette Abram and Sharon Johnson, were returned to counsel "as the addressee refused, never accepted or never collected the certified letter."

The motion to withdraw is DENIED as to the latter plaintiffs, those whose letters from counsel were returned to counsel. The denial is without prejudice to counsel bringing a renewed motion which documents, by declaration and exhibits, the efforts counsel has made since November 2005 to locate their clients.

Counsel represents that the other group of plaintiffs, those who wish to proceed with their cases, do not object to the withdrawal of the Gibson Law Firm; however, they seek a 60 day continuance to obtain new counsel. Counsel's motion to withdraw then states that if new counsel does not make an appearance within 60 days, the plaintiffs' claims shall be dismissed.

The Court is not prepared to grant counsel's motion to withdraw at this time. First, counsel must submit a declaration under oath that attests to the representations made in the motion. The declaration should also specify whether these plaintiffs have complied with PTO 6 regarding plaintiff fact sheets. Such declaration may be filed under seal to the extent counsel wishes to include information not disclosed in the moving papers that counsel believe should remain confidential. Second, counsel shall submit as an exhibit to the declaration a copy of the letter sent to the plaintiffs. The letter may be filed under seal. The declaration and exhibit shall be filed within 10 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: November 1, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G:\CRBALL\2005\1699\showcauseorders\gibsonwithdraw.wpd        3